## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| ROGER FRISBY )<br>7006 Ridge Run Rd )<br>Georgetown, Indiana 47122 )<br>   )<br>   PLAINTIFF, )<br>   )<br>v. )<br>   )<br>LOUISVILLE METRO GOVERNMENT )<br>   )<br>   SERVE:   MAYOR GREG FISCHER )<br>   527 W. Jefferson Street )<br>   4th Floor )<br>   Louisville, KY  40202 )<br>   )<br>AND )<br>   )<br>STEVE CONRAD, *in his individual* )<br>*capacity and in his official capacity as* )<br>*Chief of Police, Louisville Metro Police* )<br>*Department, Louisville, Kentucky,* )<br>   )<br>   SERVE:   STEVE CONRAD )<br>   Louisville Metro Police Department )<br>   633 W. Jefferson Street )<br>   Louisville, KY  40202 )<br>   )<br>   DEFENDANTS. ) | *ELECTRONICALLY FILED*<br><br><br><br><br><br><br><br><br><br>**Civil Action Number**<br><br>3:17-CV-530-DJH<br>_____ |

## COMPLAINT AND JURY DEMAND

Comes the Plaintiff, Roger Frisby, by counsel, and for his Complaint for damages and Jury Demand against the above-named Defendants states as follows: regarding

### PARTIES

1. Plaintiff, Roger Frisby, is and at all times pertinent hereto was a resident of Floyd County, Indiana. Plaintiff Frisby was and currently is employed by the Louisville Metro

1

Government with the Louisville Metro Department of Corrections and has been employed there since approximately 2006.

2. Defendant Louisville Metro Government is a municipality in Jefferson County, Kentucky. It operates and funds the Louisville Metro Police Department. Defendant Louisville Metro Government, at all times pertinent hereto, employed and was responsible for the establishment of policies either formally or by custom, and was responsible for the employment, training, supervision, and conduct of the officers of the LMPD. Louisville Metro Government is a "person" subject to suits, claims, and liability under 42 U.S.C. Section 1983, et seq., as amended.

3. Defendant, Steve Conrad, is and at all times pertinent hereto was the Chief of Police, Louisville Metro Police Department (LMPD), Louisville, Kentucky, and as such established policies either formally or by custom, and was responsible for the hiring, firing, employment, training, supervision and conduct of the officers and employees of the LMPD. Defendant Conrad serves in his position as the Chief of Police of the LMPD at the pleasure of the Mayor of the City of Louisville, Greg Fischer.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the federal claims set forth herein pursuant to 28 U.S.C. Section 1331 as this action arises under the provisions of 42 U.S.C. Section 1983.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(b) as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## STATEMENT OF PERTINENT FACTS

6. In 2006, Plaintiff Frisby began working at the Louisville Metro Department of Corrections as a a Corrections Office with the Home Incarceration Program.

7. In or around 2009, Plaintiff Frisby began taking classes at Jefferson Community College and eventually University of Louisville, in order to advance his career and to achieve his goal of becoming a Louisville Metro Police Officer.

8. In 2013, one of Plaintiff's school assignments was to identify an issue within the police force organization and attempt to help correct that issue by developing a training module. Plaintiff Frisby chose to study the high divorce rate among men and women working in law enforcement. In order to research his project, Plaintiff surveyed his co-workers at the Louisville Metro Department of Corrections, asking them to anonymously answer questions regarding their marriages and their personal lives. The participants were unaware what the survey was for and it was voluntary.

9. Following the completion of Plaintiff's survey of his co-workers, some female co-workers complained to Plaintiff's supervisor about the survey, stating that they found it to be offensive. Plaintiff was reprimanded by his supervisor for using his Louisville.gov email to conduct the survey and Plaintiff apologized to those whom he offended with the survey. No other corrective action was taken against Plaintiff in regards to the survey,

10. In or around February 2016, Plaintiff Frisby applied to become a police officer with the Louisville Metro Police Department.

11. On or about September 2, 2016, after participating in several months of the hiring process, Plaintiff Frisby received a phone call from a LMPD Sergeant informing him that his application was rejected and that he would not be hired as a Louisville Metro Police Officer. This LMPD Sergeant then informed Plaintiff Frisby that Chief of Police Steve Conrad had personally rejected Plaintiff's application, stating, "No, he's the one who wrote that survey and got all those complaints."

12. Defendant Conrad's unlawful refusal to hire Plaintiff Frisby because of his earlier survey of officers regarding divorce rates was conducted in a manner that was inconsistent with the ordinances and personnel policies and procedures for the Louisville Metro Police Department.

**COUNT I—VIOLATION OF 42 U.S.C. SECTION 1983—FREEDOM OF SPEECH**

13. Plaintiff realleges each and every allegation set forth in paragraphs one through twelve of the Complaint as if fully set forth herein.

14. Defendant, Steve Conrad, acting in his individual capacity and in his official capacity as Chief of Police of Louisville Metro Police Department, is a "person" within the meaning of 42 U.S.C. Section 1983.

15. Defendant, Louisville Metro Government, is a "person" within the meaning of 42 U.S.C. Section 1983.

16. Defendant's, Steve Conrad, decision to unlawfully refuse to hire Plaintiff Frisby was an action taken "under color of state law" within the meaning of 42 U.S.C. Section 1983, as he established policies either formally or by custom, and was responsible for the hiring, firing, employment, training, supervision and conduct of the officers and employees of the LMPD. Defendant Conrad serves in his position as the Chief of Police of the LMPD at the pleasure of the Mayor of the City of Louisville, Greg Fischer.

17. Defendant, Steve Conrad, acting individually and in his official capacity as the Chief of Police, Louisville Metro Police Department, unlawfully refused to hire and employ Plaintiff Frisby as an Officer of the LMPD based upon his knowledge of a survey Plaintiff Frisby had previously conducted among other Louisville Metro employees and officers regarding the high rate of divorce among those working in law enforcement, as more fully described in this Complaint.

18. Defendant Steve Conrad has engaged in a pattern and practice of violating the constitutionally protected rights of those individuals either employed by the LMPD or seeking employment with the LMPD.

19. Defendant Frisby's survey of Louisville Metro officers regarding their personal experiences and the high divorce rate among law enforcement is speech involving a "matter of public concern."

20. Plaintiff Frisby's exercise of his constitutional right to free speech, as more fully described herein, was the direct and proximate cause of Defendant Conrad's retaliatory refusal to hire Plaintiff Frisby as an officer with the LMPD. This retaliation, based upon the Plaintiff's clearly established constitutionally protected right to freedom of speech under the First Amendment of the United States Constitution, is a violation of Plaintiff's constitutional rights and creates an actionable claim pursuant to 42 U.S.C. 1983 against Defendant Conrad in his official and individual capacities.

21. Defendant Conrad's decision to unlawfully refuse to hire Plaintiff Frisby based upon his exercise of his constitutionally protected right to to freedom of speech constituted the official policy of the Louisville Metro Government and is thus attributable to the Louisville Metro Government itself for municipal liability purposes under 42 U.S.C. Section 1983.

22. As a direct and proximate result of Defendants' violations of 42 U.S.C. Section 1983 as described in this Count of the Complaint, Plaintiff Frisby has suffered and will continue to suffer lost wages and benefits in the past, future lost wages and benefits, medical expenses in the past and future medical expenses, severe mental and emotional distress, loss of enjoyment of life, personal indignity, humiliation, has been chilled in his exercise of his constitutionally protected right to freedom of speech, and suffered other non-pecuniary losses.

23. Defendant Conrad's decision to refuse to hire Plaintiff Frisby based upon Plaintiff's exercise of his constitutionally protected right to free speech as described herein is properly categorized as oppressive, malicious, exceptionally reprehensible, and demonstrated a total disregard for the federally protected rights and liberties of the Plaintiff. Accordingly, an award of punitive damages against Defendant Conrad in his individual capacity is warranted under 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows:

1. Judgment against Defendants, jointly and severally, in an amount sufficient to fully compensate the Plaintiff for his damages as more fully alleged in the Complaint;

2. An award of punitive damages against Defendants, either jointly and/or severally, where warranted by law;

3. Judgment against Defendant Conrad in his individual capacity in an amount sufficient to fully compensate Plaintiff for his damages as more fully alleged in the Complaint for Defendant Conrad's refusal to hire Plaintiff Frisby based upon Plaintiff's exercise of his constitutionally protected right to free speech in violation of 42 U.S.C. Section 1983;

4. For his costs expended herein;

5. For his reasonable attorney's fees as provided for by statute;

6. For a trial by jury;

7. For pre-judgment and post-judgment interest at the prevailing legal rate;

8. For any and all other relief that the Plaintiff may be entitled to under the law including injunctive relief.

        Respectfully submitted,

        */s/ Charles W. Miller*
        Charles W. Miller
        Erica L. Wood
        **MILLER & FALKNER**
        Waterfront Plaza, Suite 2104
        325 West Main Street
        Louisville, KY  40202
        (502) 583-2300

        **COUNSEL FOR PLAINTIFF**